UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLEN DIMPLEX AMERICAS LTD.,
F/k/a DIMPLEX NORTH AMERICA
LIMITED,

    Plaintiff,

v.                                                                            Case No. 18-13504

TWIN-STAR INTERNATIONAL, INC.,          HON. AVERN COHN

    Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR EXPEDITED DETERMINATION
(Doc.16)
AND
DENYING AS MOOT DEFENDANT'S MOTION TO SUSPEND BRIEFING (Doc. 29)**

This is a patent case involving electric "fireboxes." The parties are competing manufactures of "fireboxes" and each have patents related to them. This is the third case they have litigated against one another. In the current case, plaintiff Glen Dimplex Americas Ltd. f/k/a Dimplex North America (Dimplex) has sued defendant Twin-Star International, Inc. (Twin-Star) seeing declaratory relief of non-infringement of three Twin-Star patents: (1) U.S. Patent No. 9,476, 596 - containing a "dimmable feature," (2) U.S. Patent No. 9,459, 010 - containing a "heater disable" feature, and (3) U.S. Patent No. 8,739,439 - containing a "multi-chromatic feature." Twin-Star counterclaimed for infringement.

Before the Court is Dimplex's motion styled:

> PLAINTIFF GLEN DIMPLEX AMERICAS LIMITED'S MOTION AND BRIEF IN SUPPORT FOR (1) EXPEDITED DETERMINATION OF WHICH OF THE ACCUSED PRODUCTS INCLUDE FEATURES THAT FALL WITHIN THE SCOPE OF PARAGRAPH 3F OF THE PARTIES' SETTLEMENT AGREEMENT[1] (AND ARE, THEREFORE, IMMUNE FROM PATENT INFRINGEMENT CLAIMS); AND (2) ENTRY OF A PROTECTIVE ORDER LIMITING DISCOVERY TO INFORMATION IN SUPPORT OF SUCH A DETERMINATION

Putting aside the unwieldy title, Dimplex is asking the Court to rule on "which products exemplify the features and conduct immunized from the patent claim herein by reason of the ... parties' January 8, 2015 Settlement Agreement" and limit discovery "which supports the determination of which products are immune" based on the settlement agreement. The Court held a hearing on the motion on May 7, 2019. The Court directed Dimplex to supplement its motion with:

    1.    A description of the particular product features in question that are the subject of Twin-Star's current patent accusations

    2.    A list of the devices that Dimplex manufactured and sold prior to January 8, 2015.

Dimplex has filed a supplemental submission (Doc. 28), comprising 56 pages and 5 exhibits. In response, Twin-Star filed a motion to "suspend" briefing on Dimplex's motion so that it can prepare a Rule 56(d) motion and declaration. (Doc. 29). Dimplex

---

[1] In 2013, Dimplex sued Twin-Star. The case settled in 2015. Paragraph 3F of the settlement agreement, dated January 8, 2015, provides:
**Twin-Star represents and warrants that it is unaware of any patent, trademark, trade secret, copyright, claim in a pending patent application or any other intellectual property right issued or pending that it believed to be infringed by Dimplex due to any present or part conduct or other wise applicable to any existing Dimplex product or conduct.**

filed an opposition to the motion. (Doc. 31).[2]

Having reviewed the record, the Court is satisfied that Dimplex's motion is effectively a motion for summary judgment. Consideration of the issues put by the motion are not appropriate at this stage in the case. As such, the motion is DENIED WITHOUT PREJUDICE. Given this determination, Twin-Star's motion to suspend briefing is MOOT.

The Case Manager shall schedule a status conference to chart the future course of the case.

SO ORDERED.

                                              s/Avern Cohn
                                              AVERN COHN
                                              UNITED STATES DISTRICT JUDGE

Dated: 6/20/2019
      Detroit, Michigan

---

[2] The parties are reminded of the Court's civility principles and advises that counsel would do well to abide by them in their future filings.