UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLEN DIMPLEX AMERICAS LTD.,
F/k/a DIMPLEX NORTH AMERICA
LIMITED,

    Plaintiff/Counter-Defendant,

v.                                                                         Case No. 18-13504

TWIN-STAR INTERNATIONAL, INC.,            HON. AVERN COHN

    Defendant/Counter-Plaintiff.
_____/

**<ins>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 39)
AND
GRANTING DEFENDANT'S MOTION UNDER RULE 56(d) (ECF No. 41)[1]</ins>**

I.

This is a patent case involving electric "fireboxes." The parties are competing manufactures of "fireboxes" and each have patents related to them. As will be explained, this is the third case they have litigated against one another. The parties entered into a settlement agreement following the second case. In the current case, Glen Dimplex Americas Ltd. f/k/a Dimplex North America (Dimplex) is suing Twin-Star International, Inc. (Twin-Star) seeing declaratory relief that it has not infringed three of Twin-Star's patents, contending in part that Twin-Star's infringement claims are barred by the settlement agreement. The patents in suit are:

    U.S. Patent No. 9,476, 596 - containing a "dimmable feature"

---

[1]Although originally scheduled for hearing, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

U.S. Patent No. 9,459, 010 - containing a "heater disable" feature

U.S. Patent No. 8,739,439 - containing a "multi-chromatic feature"

The three accused Dimplex products are:

the RBF (a Revillusion-branded product);

the BLF (a Prism-branded product);

the DFR

(hereafter, "the Accused Products"). Twin-Star filed an answer and counterclaim, contending that the Accused Products were introduced into the market after the settlement agreement and infringe its patents. The parties have not engaged in discovery.

Before the Court is Dimplex's motion for summary judgment on the grounds that there is no genuine issue of material fact that the settlement agreement bars Twin-Star's claims against the Accused Products or Twin-Star should be equitably estopped from claiming infringement. In response, Twin-Star filed a Rule 56(d) motion, contending that the Court should deny Dimplex's motion for summary judgment without prejudice or at least suspend briefing until Twin-Star has conducted discovery.

For the reasons that follow, Dimplex's motion is DENIED WITHOUT PREJUDICE and Twin-Star's motion is GRANTED. Dimplex will have to litigate the case it first filed. If it turns out that Twin-Star's infringement claims based on the Accused Products lack merit, Dimplex has the right to move for sanctions.

II. Background

A. Prior Cases

In 2013, Dimplex sued Twin-Star. The case settled in 2015. Paragraph 3F of the

settlement agreement, dated January 8, 2015, provides:

> Twin-Star represents and warrants that it is unaware of any patent, trademark, trade secret, copyright, claim in a pending patent application or any other intellectual property right issued or pending that it believed to be infringed by Dimplex due to any present or past conduct or otherwise applicable to any existing Dimplex product or conduct.

In June 2018, Twin-Star sued Dimplex, 18-11842, which was assigned to the undersigned. Twin-Star alleged infringement of three patents: the '596, the '010 and the '439 based on Dimplex's "PF Series." The parties reached a settlement and the case was dismissed.

### B. This Case

In this third case, Dimplex has sued Twin-Star seeking declaratory relief on the grounds that during settlement negotiations in the second case, Twin-Star said the Accused Products infringed the '439, '010 and '596 patents. A few weeks after Twin-Star filed its answer, Dimplex filed a motion for "expedited determination," asking the Court to rule on "which products exemplify the features and conduct immunized from the patent claim herein by reason of the ... parties' January 8, 2015 Settlement Agreement" and limit discovery "which supports the determination of which products are immune" based on the Settlement Agreement. At a hearing on the motion, the Court commented that it appeared Dimplex had filed a motion for summary judgment before discovery. Ultimately, the Court invited Dimplex to supplement its motion with:

1. A description of the particular product features in question that are the subject of Twin-Star's current patent accusations

2. A list of the products that Dimplex manufactured and sold prior to January 8, 2015.

3

Dimplex later filed a supplemental submission (ECF No. 28), comprising 56 pages and 5 exhibits. In response, Twin-Star filed a motion to "suspend" briefing on Dimplex's motion so that it can prepare a Rule 56(d) motion and declaration. (ECF No. Doc. 29). Dimplex opposed Twin-Star's motion. (ECF No. 31). The Court denied both motions, stating

> Having reviewed the record, the Court is satisfied that Dimplex's motion is effectively a motion for summary judgment. Consideration of the issues put by the motion are not appropriate at this stage in the case. As such, the motion is DENIED WITHOUT PREJUDICE. Given this determination, Twin-Star's motion to suspend briefing is MOOT.
> The Case Manager shall schedule a status conference to chart the future course of the case.

(ECF No. 33, PageID.490).

Following the status conference, the Court entered an order stating in relevant part:

> At the conference, Dimplex's counsel represented to the Court that it is filing a motion for summary judgment within thirty (30) days premised on the parties' settlement agreement. The motion will state that there are no genuine issues of material fact. Twin-Star's counsel has represented that there are genuine issues of material fact.
>
> Proceedings in the case are STAYED pending resolution of Dimplex's forthcoming summary judgment motion.

(ECF No. 38).

Thereafter, as promised, Dimplex filed a motion for summary judgment. Twin-Star, as anticipated, filed the instant Rule 56(d) motion.

### III. Legal Standards

#### A.

"The court shall grant summary judgment if the movant shows that there is no

4

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party may meet that burden "by 'showing'-that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

B.

When a party moves for summary judgment under Federal Rule of Civil Procedure 56, Rule 56(d)[2] allows the "nonmovant [to] show[ ] by affidavit ... that, for specified reasons, it cannot present facts essential to justify its opposition," and upon such showing, "the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). "[I]t is within the discretion of the district court whether or not to permit additional discovery under Rule 56(d)." Fletcher v. Sheets, No. 2:09–CV–1130, 2011 WL 3861831, at *2 (S.D. Ohio Aug.30, 2011) (citing Egerer v. Woodland Realty, Inc., 556 F.3d 415, 425–26 (6th Cir.2009)). "The non-movant ... has the burden of informing the district court of his need for discovery." Murphy v. Grenier, 406 F. App'x 972, 976 (6th Cir. 2011). The purpose behind Rule 56(d) is to ensure that plaintiffs receive " 'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment." Ball v. Union Carbide Corp., 385 F.3d 713, 719 (6th Cir. 2004) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). See also Doe v. City of Memphis, 928 F.3d 481,

---

[2]This rule was known as Rule 56(f) until it was renumbered as 56(d) in 2010.

491 (6th Cir. 2019). Finally, and important to this case, the Sixth Circuit has emphasized that "[t]ypically, when the parties have no opportunity for discovery, denying the [Rule 56(d) ] motion and ruling on a summary judgment motion is likely to be an abuse of discretion." CenTra, Inc. v. Estrin, 538 F.3d 402, 420 (6th Cir. 2008).

IV. Discussion

In seeking summary judgment, Dimplex essentially argues that Accused Products do not infringe as a matter of law because they contain "features" which were released in the settlement agreement. Dimplex's papers contain detailed comparisons, including drawings, of the Accused Products and ask the Court to rely on its assurances that the Accused Products are covered by the settlement agreement, i.e. the technology in the Accused Products is the same. Dimplex also asserts that summary judgment is appropriate based on equitable estoppel because Twin-Star knew about the Accused Products at the time the settlement agreement was negotiated. The problem for Dimplex is that these assertions have not been tested in discovery.

In response, Twin-Star says it needs discovery and submitted a Declaration of David B. Cupar which identifies why it needs discovery on Dimplex's factual assertions. As Twin-Star explains, Dimplex's design, development, and engineering documents - and the dates for those documents - bear on when Dimplex developed or changed its designs and what occurred after the January 8, 2015 settlement agreement. Significantly, as Twin-Star points out, Dimplex relies on declarations of five witnesses –including the declaration of a purported expert. Twin-Star says is it entitled at a minimum to depose these witnesses and take discovery on the documents and information that relate to their testimony. The Court agrees.

In sum, Twin-Star is entitled to explore the accuracy of Dimplex's assertions through discovery. Despite Dimplex's protestations to the contrary, this is not a simple or straightforward analysis. Rather, determining whether, as a matter of law, the Accused Products are covered by the settlement agreement or do not otherwise infringe Twin-Star's patents requires a more fulsome record.

The Case Manager shall issue a scheduling order governing discovery and other matters.

SO ORDERED.

_____
 S/Avern Cohn
UNITED STATES DISTRICT JUDGE

Dated: 11/20/2019
       Detroit, Michigan

7